**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERIN HUNNICUT,**
**DENSYS TORRES, and**
**MAIKEL JIMENEZ, on their own behalf and on behalf of those similarly situated,**

**Plaintiffs,**

**vs.** **Case No.**

**MILUM EXPRESS, LLC,**

**Defendant.**
_______________________________________/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Erin Hunnicutt ("Hunnicutt"), Densys Torres ("Torres"), and Maikel Jimenez ("Jimenez"), on their own behalf and on behalf of those similarly situated (collectively "Plaintiffs") and by and through their undersigned counsel, file this Class Action Complaint against Defendant Milum Express, LLC ("Milum Express" or "Defendant") and allege as follows:

**I.**

**INTRODUCTION**

1. This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et. seq. ("WARN Act").

2. Milum Express is liable under the WARN Act for the failure to provide at least 60 days' advance notice of their termination to employees, as required by the WARN Act.

**II.**

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.

4. Venue is proper because facts material to the claims set forth herein occurred in the Middle District of Florida.

5. At all times material to this action, Defendant was a Florida Limited Liability Company conducting business in Pinellas County, Florida.

6. Erin Hunnicut is a class member as she had been employed by Milum Express since 2018, reported to Defendant's Clearwater facility, was not given a minimum of 60 days' written notice of termination, and her employment was terminated without cause effective September 27, 2025.

7. Densys Torres is a class member as he had been employed by Milum Express since 2018, reported to Defendant's Clearwater facility, was not given a minimum of 60 days' written notice of termination, and his employment was terminated without cause effective September 27, 2025.

8. Maikel Jimenez is a class member as he had been employed by Milum Express since 2020, reported to Defendant's Clearwater facility, was not given a minimum of 60 days' written notice of termination, and his employment was terminated without cause effective September 27, 2025.

9. At all times material to this action, Plaintiffs were employees of Milum Express for purposes of the WARN Act.

10. At all times material to this action, Milum Express was the employer of Plaintiffs for purposes of the WARN Act.

**III.**

**GENERAL ALLEGATIONS**

11. Milum Express is an Amazon delivery service partner that specializes in logistics, supply chain, and transportation services throughout Florida and is based in multiple Amazon distribution centers.

12. Milum Express employed approximately 200 employees including Plaintiffs.

13. On or about September 5, 2025, Milum Express informed Plaintiffs that it was closing its operations in Clearwater, FL and Groveland, FL (the "Facilities") on September 27, 2025.

14. Plaintiffs were not provided with 60 days' advanced notice of their terminations as required by the WARN Act.

15. Plaintiffs were also not provided with a statement 60 days in advance as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect.

16. Plaintiffs were also not provided with a statement 60 days in advance as to the expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated.

17. Plaintiffs were also not provided with a statement 60 days in advance as to whether or not bumping rights exist.

18. Plaintiffs were also not provided 60 days in advance with the name and telephone number of a company official to contact for further information.

19. Plaintiffs were terminated as a part of a plant shutdown or mass layoff which included over 50 employees.

20. Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

**IV.**

**WARN ACT ALLEGATIONS**

21. Plaintiffs and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act.

22. At all relevant times, Milum Express employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act.

23. At all relevant times, Milum Express was an "employer" of the Class Members as that term is defined by the WARN Act.

24. On or about September 5, 2025, Milum Express ordered "plant shutdowns" or "mass layoffs" at the Facilities as those terms are defined by the WARN Act, effective September 27, 2025.

25. Milum Express' actions resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve

months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

26. Milum Express' termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

27. The Plaintiffs and each of the Class Members who were employed by Defendant and then terminated by Defendant as a result of Defendant's executing plant shutdowns or mass layoffs were "affected employees" as defined by the WARN Act.

28. The Plaintiffs and each of the Class Members are "aggrieved employees" of Defendant as that term is defined by the WARN Act.

29. Pursuant to the WARN Act, Milum Express was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

30. Pursuant to the WARN Act, Milum Express was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to government officials, explaining why the sixty (60) days prior notice was not given.

31. Milum Express failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

32. Milum Express failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday

pay and accrued vacation for 60 working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

33. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

34. All administrative notice requirements and prerequisites have been satisfied.

**V.**

**CLASS ACTION ALLEGATIONS**

35. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act on behalf of themselves and a class of employees who worked at or reported to the Milum Express Clearwater or Groveland Facilities and were laid off without cause by Milum Express as part, or as the reasonably foreseeable result, of plant shutdowns or mass layoffs ordered by Milum Express at the Facilities (the "Class") on or about September 27, 2025, and were not provided with the required advanced notice of the termination.

36. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately over 100 potential class members.

37. There are questions of law and fact common to the Class Members, namely:

i. Whether the Class Members were employees of Milum Express who worked at or reported to Milum Express's Facility;

ii. Whether Milum Express ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

iii. Whether Milum Express was subject to any of the defenses provided for in the WARN Act.

38. The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff and did not receive the requisite notice.

39. The representative parties will fairly and adequately protect the interests of the class.

40. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation, including WARN Act litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of the WARN Act – where the individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and the adjudications

with respect to individual Class Members would be dispositive of the interests of other members.

42. Milum Express acted on grounds that apply generally to the Class.

43. The questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

i. Whether the Class Members were employees of Milum Express who worked at or reported to Milum Express's Facilities;

ii. Whether Milum Express ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

iii. Whether Milum Express was subject to any of the defenses provided for in the WARN Act.

**VI.**

**COUNT I**

**<u>VIOLATIONS OF THE WARN ACT</u>**

44. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 43 as if fully stated herein.

45. Milum Express' failure to provide Plaintiffs advance written notice of their layoffs constitutes a violation of the WARN Act.

46. Plaintiffs have suffered as a result of this failure to provide advance notice of the layoff.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

i. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

ii. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single Class;

iii. Designation of Plaintiffs Erin Hunnicut, Densys Torres, and Maikel Jimenez as Class Representatives;

iv. Appointment of the undersigned attorneys as Class Counsel;

v. Interest as allowed by law on the amounts owed under the preceding paragraphs;

vi. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

vii. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable as of right.

Dated this 9th day of December, 2025.

Respectfully submitted,
/s/ Michelle Erin Nadeau
Ryan D. Barack
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff